# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2025-0892
Lower Tribunal No. 2023-DR-003648

———————————————

DEPARTMENT OF REVENUE CHILD SUPPORT PROGRAM EX REL.,

Petitioner,

v.

JOSEPH MICHAEL SERWE, III, and ALISCIA MELISSA SERWE,

Respondents,

———————————————

Petition for Writ of Certiorari to the Circuit Court for Orange County.
Elaine A. Barbour, Judge.

November 18, 2025

## ON MOTION FOR CLARIFICATION

Appellant's motion for clarification is granted. The prior opinion dated October 3, 2025, is withdrawn, and the attached opinion is issued in its place.

STARGEL, J.

The Department of Revenue ("DOR") seeks a writ of certiorari quashing the portion of the March 27, 2025, "Report and Recommendation of the Hearing Officer and Order Granting Motion for Contempt and Striking Notice of Redirection" that

struck DOR's notice of redirection of child support payments.[1]  However, certiorari relief is not available since the order states that it is a "Final Order" and purports to end judicial labor as to the contempt proceeding and DOR's notice.  *See* Fla. R. App. P. 9.030(b)(2)(A) ("The certiorari jurisdiction of district courts of appeal may be sought to review . . . *nonfinal* orders of lower tribunals other than as prescribed by rule 9.130 . . . .") (emphasis added).  Therefore, pursuant to rule 9.040(c) and DOR's request that we treat the certiorari petition as an appeal should we determine certiorari relief is unavailable, we treat the petition as a direct appeal from a final order.

A final judgment of dissolution of marriage was rendered on May 21, 2024, and contains a provision that the mother shall pay child support directly to the father for the benefit of the parties' minor child.  On July 29, 2024, DOR filed its notice pursuant to sections 61.13(1)(d)3., 61.181(1)(a), and 61.1824(1)(a), Florida Statutes (2024), advising that the mother would be notified to send support payments to the State Disbursement Unit because Title IV-D services were being provided in this case.  DOR also filed a motion for contempt based on the mother's default.  After conducting a hearing on the motion, the trial court granted the motion for contempt

---

[1] This case initiated as an appeal of a nonfinal order, but DOR correctly determined that the case did not qualify under Florida Rule of Appellate Procedure 9.130 and subsequently filed a motion to have this appeal treated as a petition for writ of certiorari.

but, citing *Boukzam v. Jugo*, 293 So. 3d 8 (Fla. 4th DCA 2020), sua sponte struck DOR's notice, finding that a modification to the way child support payments are made must be pleaded and deemed to be in the best interest of the child. The trial court erred in entering the portion of the order striking DOR's notice. *See* § 61.13(1)(d)3., Fla. Stat. ("Upon notice by the department that it is providing Title IV-D services in a case with an existing support order, the depository shall transmit case data through, and set up appropriate payment accounts in, regardless of whether there is a delinquency, the Clerk of the Court Child Support Enforcement Collection System as required under s. 61.181(2)(b)1."); *see also* § 61.1824(1)(a), Fla. Stat.

Although striking DOR's notice and requiring the mother to continue to make child support payments directly to the father was error, the record before us does not demonstrate that DOR filed a motion to vacate the order under Florida Family Law Rule of Procedure 12.491(f). As set forth in *Roblero v. Velasquez*, 414 So. 3d 463, 463-64 (Fla. 3d DCA 2025), and *Fluhart v. Rasmussen*, 383 So. 3d 889, 890 (Fla. 5th DCA 2024), the failure to file a motion to vacate the recommended report adopted by the trial court results in a failure to preserve the claimed error for

appellate review.[2]   Accordingly, we are constrained to affirm.[3]  *See Fluhart* at 889-90 (affirming rather than dismissing an appeal based on an appellant's failure to preserve an issue by moving to vacate the general magistrate's recommended final judgment adopted by the trial court).  Our affirmance here is without prejudice to any right DOR may have to file a subsequent notice pursuant to sections 61.13(1)(d)3., 61.181(1)(a), and 61.1824(1)(a).

AFFIRMED.

WOZNIAK and MIZE, JJ., concur.


James Uthmeier, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, of the Office of Attorney General Child Support Enforcement, Tallahassee, for Petitioner.

No Appearance for Respondents, Joseph Michael Serwe, III, and Aliscia Melissa Serwe.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

---

[2] Although these two cases address a party's failure to file a motion to vacate under rule 12.490(e)(3), which relates to general magistrates, the language regarding a party's ability to file a motion to vacate under rule 12.491(f), which relates to support hearing officers, is identical.

[3] Even if we treated this case as a petition for writ of certiorari, the result would be the same.  *See, e.g.*, *U. S. Auto. Ass'n v. Bay Area Inj. Rehab Specialists Holdings, Inc.*, 311 So. 3d 172, 173 (Fla. 2d DCA 2020) (denying a certiorari petition because the issue was not preserved for review).